153710.1

Milton Springut (MS6571)
Tal S. Benschar (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

Attorneys for Plaintiffs
Cartier International, N.V.
and Panerai, a division of Richemont N.A., Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CARTIER INTERNATIONAL, N.V. and           :
PANERAI, a division of RICHEMONT, N.A., INC.: 
                                          :
                    Plaintiffs,           :
                                          :
v.                                        :
                                          :
KARMALOOP, LLC; KARMALOOP BOSTON, :
LLC; GREGORY SELKOE and JOHN DOES         :
1-20,                                     :
                                          :
                    Defendants.           :
------------------------------------------------------------x

JUDGE PRESKA

07 CIV 6957

Civil Action No:

COMPLAINT



Plaintiffs, complaining of Defendants, allege as follows:

## THE PARTIES

1.  Plaintiff Cartier International, N.V., is a Netherlands corporation, having its principal office and place of business at Scharlooweg 33, Curaçao, the Netherlands Antilles ("Cartier International").

2.  Plaintiff Panerai, a division of Richemont North America, Inc., is a Delaware corporation, having its executive offices and place of business at 645 Fifth Avenue, New York, New York 10022 ("Panerai NA"). For the purposes of this Complaint, except where specified, Panerai NA's and Cartier International's interests herein are as a practical matter identical, and they are referred to collectively and interchangeably as "Panerai."

3. Defendant Karmaloop, LLC is a limited liability corporation organized and existing under the laws of the State of Massachusetts, having its principal office and place of business at 10 Province Court, Boston, MA 02108 ("Karmaloop"). Defendant Karmaloop is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

4. Defendant Karmaloop Boston, LLC is a limited liability corporation organized and existing under the laws of the State of Massachusetts, having its principal office and place of business at 10 Province Court, Boston, MA 02108 ("Karmaloop Boston"). Defendant Karmaloop Boston is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

5. Upon information and belief, defendant Gregory Selkoe is an individual, having an office and place of business at Karmaloop and/or Karmaloop Boston, 10 Province Court, Boston, MA 02108, and is a conscious, dominant and active force behind the wrongful acts of Karmaloop and/or Karmaloop Boston complained of herein, which wrongful acts he has engaged in for the gain and benefit of Karmaloop and/or Karmaloop Boston and for his own individual gain and benefit. Defendant Gregory Selkoe is transacting and doing business within this judicial district and has committed the acts complained of herein within this judicial district. Defendant Gregory Selkoe is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

6. Upon information and belief, defendants John Does 1-10 are individuals who are officers or other managing agents of Karmaloop and/or Karmaloop Boston, having and office or place of business at their respective entities, and are each a conscious dominant and active forces behind the wrongful acts of Karmaloop and/or Karmaloop Boston complained of herein, which wrongful acts they have engaged in for the benefit of Karmaloop and/or Karmaloop Boston and for

their own individual gain and benefit. Defendants John Does 1-10 are transacting and doing business in this judicial district and are subject to the personal jurisdiction of this Court.

7. Upon information and belief, defendants John Does 11-20 are persons or entities who supplied the watches alleged herein to infringe upon Plaintiffs' trade dress rights. Defendants John Does 11-20 are transacting and doing business in this judicial district and are subject to the personal jurisdiction of this Court.

8. Defendants Karmaloop, Karmaloop Boston, Gregory Selkoe and John Does 1-20 are collectively referenced herein as "Defendants."

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the claims in this action arising under the Trademark Act of 1946, as amended, relating to trademark infringement, false designations of origin and dilution pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

10. This Court has supplemental jurisdiction over the claims in this action arising under state statutory law and the common law pursuant to 28 U.S.C. § 1367(a), because such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts. The Court also has jurisdiction over all claims herein of unfair competition pursuant to 28 U.S.C. § 1338(b).

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTS COMMON TO ALL COUNTS

### The PANERAI Brand and Business

12. The Panerai business has its origins in 1860, when Giovanni Panerai opened a watchmaker's shop in Florence, Italy. The Panerai company has been famous for the production of fine luxury watches, innovation in watch styles and designs, and introduction of new and important

3

watch technologies. For many years, and long since before the acts of Defendants complained of herein, Panerai and its predecessors-in-interest have been engaged in the manufacture and sale in interstate and intrastate commerce of high quality luxury watches, watch components and related goods (the "Panerai Products").

13.     Currently, Cartier International is the owner of all trademarks and trade dress used in the Panerai business, which are licensed to Panerai NA for use in the United States at wholesale and retail.

## THE PANERAI INTELLECTUAL PROPERTY

### The PANERAI LUMINOR Trade Dress

14.     The trade dress of the Panerai Luminor consists of a collocation of design elements. The combination of all or almost all such elements together give the watches a distinct overall look and commercial impression. Although these elements cannot be perfectly described in words, the following describes the elements of the Panerai Luminor Trade Dress:

(a)     The watch case is large, at least 38 millimeters in diameter, and thick (*i.e.*, deep) as compared to most watches. The cushion-shaped case includes a round frame portion encompassing the watch dial which is surrounded by a square portion thereabout, the square portion having bowed-out sides and rounded corners. Each of the corners slopes downward (*i.e.*, away from the front of the watch), with the lowest point of the case being at the corner;

(b)     a round bezel which is beveled such that it slopes downward from the inside of the case to the outside and which surrounds the dial and is proximate to the edge of the case at the 3, 6, 9 and 12 o'clock positions, thus enhancing the effect of the lowering of the four corners of the case;

(c)     two pairs of thick, downwardly sloping extensions used to hold the watch strap;

4

(d)   the dial features oversized numerals and/or markers at the hour positions around the watch;

(e)   hands that are baton-shaped and luminescent;

(f)   an oversized round winding crown with tooth-like striations; and

(g)   a bridge that extends over the winding crown reaching above and below.

15.   Figure A (right) is a photograph of the LUMINOR watch.



**Figure A.
PANERAI LUMINOR**

16.   The collocation of features set forth in the above paragraph constitutes a distinctive trade dress that has secondary meaning. This design has been extensively promoted by Panerai in the United States and has achieved significant sales success. The public has come to recognize this design as distinctive of this line of Panerai watches and as an indication of source of such watches. The Panerai Luminor Trade Dress is thus a means by which Panerai is known to the public and the trade as the sole source and origin of Panerai Luminor watches.

5

**The Luminor Trade Dress Registration**

17.     Certain aspects of the Panerai Luminor Trade Dress are registered as a mark for watches of various kinds in the United States Trademark Office, Registration No. 3,178,943 (the "Panerai Luminor Trade Dress Registration"). Cartier International is the owner of such registration, which is valid and subsisting.

**The Luminor Bridge Design Mark and Registration**

18.     Among the marks used by Panerai to identify its watches is what is known as the Panerai Luminor Bridge Design. The Panerai Luminor Bridge Design appears thus:



and consists of a bridge which fits over the crown of the watch.

19.     The Panerai Luminor Bridge Design is registered in the United States Patent and Trademark Office, No. 2,323,571 (the "Panerai Luminor Bridge Design Registration.") Such trademark and its registration are valid and subsisting and have become incontestable.

20.     The Panerai Luminor Trade Dress and the Panerai Luminor Bridge Design are collectively referenced herein as the "PANERAI TRADE DRESS."

21.     Since long before the acts of Defendants herein complained of, Panerai and/or its predecessors-in-interest have expanded large sums of money in advertising and promoting its watches to the trade and public, including those bearing the PANERAI TRADE DRESS, and Panerai continues to engage in such advertising and promotion.

22. Since long before the acts of Defendants herein complained of, as a result of Panerai's and/or its predecessors-in-interest's extensive advertising and promotion and concomitant widespread sales; the care and skill utilized in the manufacture of its watches; the uniform high quality of Panerai products sold under or in connection with the PANERAI TRADE DRESS; and the public acceptance thereof, Panerai's watches have acquired a fine reputation.

**Defendants' Wrongful Acts**

23. Long after Panerai's adoption of the PANERAI TRADE DRESS set forth above, and long after Panerai's obtaining the federal trademark registrations listed above, Defendants, without Panerai's authorization, intentionally and knowingly have and continue to manufacture or cause others to manufacture, and/or distribute, sell or offer for sale, imitations of Panerai's watches which bear the PANERAI TRADE DRESS, infringing the rights of Panerai as set forth herein.

24. Upon information and belief, the activities of Defendants complained of herein constitute willful and intentional infringements of the PANERAI TRADE DRESS, are in total disregard of Panerai's rights, and were commenced and have continued in spite of Defendants' knowledge that the use of Panerai's watch designs or a copy or a colorable imitation thereof was and is in direct contravention of Panerai's rights.

25. Upon information and belief, the watches manufactured by or on behalf of Defendants are of inferior quality to genuine Panerai watches.

## COUNT I

### TRADE DRESS INFRINGEMENT
### 15 U.S.C. § 1125(a)

26. Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations.

7

27. As detailed herein above, Defendants have reproduced, copied and imitated one or more of the PANERAI TRADE DRESS, in designing certain of their watches in a manner that is confusingly similar to the distinctive trade dresses of Panerai.

28. Defendants' adoption and use of the PANERAI TRADE DRESS constitutes trade dress infringement and deliberate and willful violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29. The actions and conduct of Defendants complained of herein have damaged Panerai and will, unless restrained, further impair, if not destroy, the value of the PANERAI TRADE DRESS and the goodwill associated therewith.

30. Defendants' trade dress infringement has caused Panerai to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

31. Defendants' trade dress infringement, unless enjoined by this Court, will continue to cause Panerai to sustain irreparable damage, loss and injury, for which Panerai has no adequate remedy at law.

## COUNT II

### REGISTERED TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114(1)

32. Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations.

33. Defendants have actual or constructive knowledge of the existence of the Panerai Luminor Trade Dress Registration and the Panerai Luminor Bridge Design Registration.

34. Defendants manufacture, promotion, distribution and sale of watches utilizing the distinctive marks protected by the Panerai Luminor Trade Dress Registration and the Panerai Luminor Bridge Design Registration creates a likelihood of confusion such that the purchasing

public is likely to believe that Defendants' watches are authentic Panerai watches or are in some manner sponsored, approved or authorized by, or otherwise connected with Panerai.

35. Defendants' trade dress infringement has caused Panerai to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

36. Defendants' trade dress infringement, unless enjoined by this Court, will continue to cause Panerai to sustain irreparable damage, loss and injury, for which Panerai has no adequate remedy at law.

## COUNT III

### Common Law Trade Dress Infringement

37. Plaintiffs repeat and reincorporate herein by reference each of the forgoing allegations.

38. Defendants' actions constitute trade dress infringement and unfair competition in violation of common law.

39. Defendants' trade dress infringement has caused Panerai to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

40. Defendants' trade dress infringement, unless enjoined by this Court, will continue to cause Panerai to sustain irreparable damage, loss and injury, for which Panerai has no adequate remedy at law.

**WHEREFORE**, Plaintiffs pray for the following relief as may be applicable to the various Defendants herein:

1. That Defendants, their officers, agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be permanently enjoined and restrained:

   (a) from using in any manner either the Panerai Luminor Trade Dress or the Panerai Luminor Bridge Device, alone or in combination with any other

9

words or designs, in manner likely to cause confusion, deception, or mistake on or in connection with advertising, offering for sale or sale of any goods not manufactured by Panerai, or not authorized by Panerai to be sold in connection with their respective said marks;

(b) From representing, suggesting in any fashion to any third party, or performing any act which may give rise to the belief that Defendants, or any of their goods, are authorized or sponsored by Panerai;

(c) From passing off, inducing or enabling others to sell or pass off any goods as products produced by plaintiffs which are not in fact genuine Panerai goods, or not produced under the control and supervision of Panerai and approved by Panerai;

(d) From otherwise competing unfairly with plaintiffs in any manner; and

(e) From further infringing the Luminor Trade Dress Registration or the Panerai Luminor Bridge Design Registration.

2. That Defendants be required to deliver up to plaintiffs for destruction, any and all goods in their possession or under their control that were or are being advertised, promoted, offered for sale or sold in connection with the PANERAI TRADE DRESS, whether alone or in combination with any words or designs.

3. That Defendants be required to deliver up to plaintiffs for destruction, any and all catalogs, circulars and other printed material in their possession or under their control displaying or promoting the goods which were or are being advertising, promoted, offered for sale or sold in connection with the PANERAI TRADE DRESS, whether alone or in combination with any words or designs.

4.  That Defendants be required to supply plaintiffs with a complete list of entities or individuals to whom they have offered for sale the goods which were or are being advertising, promoted, offered for sale or sold in connection with the PANERAI TRADE DRESS whether alone or in combination with any words or designs, and be required to contact such entities, inform them that such items in Defendants' catalog or on Defendants' websites are no longer for sale and may no longer be offered for sale, and providing them with the means of blacking out the offerings of infringing goods in such catalogs or other advertising materials.

5.  That Defendants be ordered pursuant to 15 U.S.C. § 1116(a) to file, with the Court and serve upon plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with permanent injunction.

6.  That Defendants be required, pursuant to 15 U.S.C. § 1117, to account to plaintiffs for any and all profits derived by them, either individually or jointly, and for all damages sustained by plaintiffs by reason of defendants' actions complained of herein, including an award of treble damages as provided for statute.

7.  That plaintiffs be awarded punitive damages.

8.  That plaintiffs be awarded both pre-judgment and post-judgment interest on each and every damage award.

9.  That pursuant to 15 U.S.C. § 1117, plaintiffs have and recover from Defendants, plaintiffs' reasonable attorneys' fees, costs and disbursements of this civil action.

10. That plaintiffs have such other and further relief as the Court may deem just and proper.

KALOW & SPRINGUT LLP

Dated: August 2, 2007

By: _____
Milton Springut (MS6571)
Tal S. Benschar (TSB0838)
488 Madison Avenue
New York, New York 10022
(212) 813-1600
Counsel for Plaintiffs
Cartier International, N.V.
and Panerai, a division of Richemont N.A., Inc.