Mark A. Berman (MB5202)
Matthew R. Maron (MM2270)
GANFER & SHORE, LLP
360 Lexington Avenue
New York, New York 10017
(212) 922-9250
(212) 922-9335 (facsimile)

*Attorneys for Defendants Karmaloop, LLC,*
*Karmaloop Boston, LLC, and Gregory Selkoe*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CARTIER INTERNATIONAL, N.V., and
PANERAI, a division of RICHEMONT, N.A., INC.         :   07 Civ. 6957 (LAP)
                                                     :
                                    Plaintiffs,      :   **ANSWER AND DEMAND**
                                                     :   **FOR JURY TRIAL**
           -against-                                 :
                                                     :
KARMALOOP, LLC, KARMALOOP BOSTON, LLC,               :
GREGORY SELKOE, and JOHN DOES 1-20.                  :
                                                     :
                                    Defendants.      :
------------------------------------------------------------x

Defendants KARMALOOP, LLC, KARMALOOP BOSTON, LLC, and GREGORY SELKOE (collectively the "Karmaloop Defendants") by their attorneys, Ganfer & Shore, LLP, allege for their Answer to the Complaint as follows:

### THE PARTIES

1.   The Karmaloop Defendants deny knowledge and information to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

2.   The Karmaloop Defendants deny knowledge and information to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint.

3.   The allegations contained in paragraph "3" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the

Karmaloop Defendants deny the allegations contained in paragraph "3" of the Complaint, except admit the allegation contained in the first sentence of paragraph "3" of the Complaint that Defendant KARMALOOP, LLC is a limited liability corporation organized and existing under the laws of the Commonwealth of Massachusetts.

4. The allegations contained in paragraph "4" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Karmaloop Defendants deny the allegations contained in paragraph "4" of the Complaint, except admit the allegation contained in the first sentence of paragraph "4" of the Complaint that Defendant KARMALOOP BOSTON, LLC is a limited liability corporation organized and existing under the laws of the Commonwealth of Massachusetts..

5. The allegations contained in paragraph "5" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Karmaloop Defendants deny the allegations set forth paragraph "5" of the Complaint, except admit that Defendant GREGORY SELKOE is a principal of KARMALOOP, LLC and KARMALOOP BOSTON, LLC.

6. The allegations contained in paragraph "6" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Karmaloop Defendants deny the allegations contained in paragraph "6" of the Complaint.

7. The allegations contained in paragraph "7" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Karmaloop Defendants deny the allegations contained in paragraph "7" of the Complaint.

8. The Karmaloop Defendants deny the allegations set forth in paragraph "8" of the Complaint.

## JURISDICTION AND VENUE

9. The allegations contained in paragraph "9" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Karmaloop Defendants deny the allegations set forth in paragraph "9" of the Complaint..

10. The allegations contained in paragraph "10" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Karmaloop Defendants deny the allegations set forth in paragraph "10" of the Complaint.

11. The allegations contained in paragraph "11" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Karmaloop Defendants deny the allegations set forth in paragraph "11" of the Complaint.

12. The Karmaloop Defendants deny the heading and subheading immediately preceding paragraph "12" of the Complaint, since they constitute legal conclusions to which no response is required and, in addition, the allegations set forth in paragraph "12" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Karmaloop Defendants deny knowledge and information to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

13. The Karmaloop Defendants deny knowledge and information to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. The Karmaloop Defendants deny the heading and subheading immediately preceding paragraph "14" of the Complaint, since they constitute legal conclusions to which no response is required and, in addition, the allegations set forth in paragraph "14" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is

required, the Karmaloop Defendants deny knowledge and information to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15. The Karmaloop Defendants deny knowledge and information to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. The allegations contained in paragraph "16" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Karmaloop Defendants deny knowledge and information to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

17. The Karmaloop Defendants deny the heading and subheading immediately preceding paragraph "17" of the Complaint, since they constitute legal conclusions to which no response is required and, in addition, the allegations set forth in paragraph "17" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Karmaloop Defendants deny knowledge and information to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. The Karmaloop Defendants deny the heading and subheading immediately preceding paragraph "18" of the Complaint, since they constitute legal conclusions to which no response is required and, in addition, the Karmaloop Defendants deny knowledge and information to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. The allegations contained in paragraph "19" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Karmaloop Defendants deny knowledge and information to form a belief as to the truth of the allegations deny the allegations contained in paragraph "19" of the Complaint.

20. The Karmaloop Defendants deny the allegations set forth in paragraph "20" of the Complaint.

21. The Karmaloop Defendants deny knowledge and information to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. The Karmaloop Defendants deny knowledge and information to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. The Karmaloop Defendants deny the subheading immediately preceding paragraph "23" of the Complaint, since it constitutes a legal conclusion to which no response is required and, in addition, the Karmaloop Defendants deny the allegations set forth in paragraph "23" of the Complaint.

24. The Karmaloop Defendants deny the allegations set forth in paragraph "24" of the Complaint.

25. The Karmaloop Defendants deny the allegations set forth in paragraph "25" of the Complaint.

## COUNT I

### TRADE DRESS INFRINGEMENT
### 15 U.S.C. § 1125(a)

26. The Karmaloop Defendants deny the allegations set forth in paragraph "26" of the Complaint.

27. The allegations contained in paragraph "27" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Karmaloop Defendants deny the allegations contained in paragraph "27" of the Complaint.

28. The allegations contained in paragraph "28" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Karmaloop Defendants deny the allegations contained in paragraph "28" of the Complaint.

29. The allegations contained in paragraph "29" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Karmaloop Defendants deny the allegations contained in paragraph "29" of the Complaint.

30. The allegations contained in paragraph "30" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Karmaloop Defendants deny the allegations contained in paragraph "30" of the Complaint.

31. The allegations contained in paragraph "31" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Karmaloop Defendants deny the allegations contained in paragraph "31" of the Complaint.

## COUNT II

### REGISTERED TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114(1)

32. The Karmaloop Defendants deny the allegations set forth in paragraph "32" of the Complaint.

33. The allegations contained in paragraph "33" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Karmaloop Defendants deny the allegations contained in paragraph "33" of the Complaint.

34. The allegations contained in paragraph "34" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Karmaloop Defendants deny the allegations contained in paragraph "34" of the Complaint.

35. The allegations contained in paragraph "35" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Karmaloop Defendants deny the allegations contained in paragraph "35" of the Complaint.

36. The allegations contained in paragraph "36" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Karmaloop Defendants deny the allegations contained in paragraph "36" of the Complaint.

## COUNT III

### COMMON LAW TRADE DRESS INFRINGEMENT

37. The Karmaloop Defendants deny the allegations set forth in paragraph "37" of the Complaint.

38. The allegations contained in paragraph "38" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Karmaloop Defendants deny the allegations contained in paragraph "38" of the Complaint.

39. The allegations contained in paragraph "39" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Karmaloop Defendants deny the allegations contained in paragraph "39" of the Complaint.

40. The allegations contained in paragraph "40" of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Karmaloop Defendants deny the allegations contained in paragraph "40" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

41. Plaintiffs fail to state a cause of action upon which relief can be granted as against the Karmaloop Defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

42. Plaintiffs' claims are barred, in whole or in part, as a result of Plaintiffs' failure to include necessary parties, without which there cannot be complete relief.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

43. Plaintiffs' injuries are due solely, or in part, to a third-party over which the Karmaloop Defendants had no control.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

44. The Karmaloop Defendants acted in good faith at all times.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

45. The Karmaloop Defendants' conduct is privileged and justified as legitimate, lawful competition.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

46. The Karmaloop Defendants' conduct was not the cause in fact or the proximate cause of any of the damages alleged by Plaintiffs.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

47. Plaintiffs are not entitled to attorneys' fees, costs or expenses.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

48. Plaintiffs fail to state an adequate basis for injunctive relief.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

49. Plaintiffs' claims are barred by the doctrine of laches.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

50. Plaintiffs' claims are barred by the doctrine of waiver, estoppel, and/or acquiescence.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

51. Plaintiffs lack personal jurisdiction to maintain this action over defendants KARMALOOP BOSTON, LLC and GREGORY SELKOE.

The allegations contained in the WHEREFORE clause of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Karmaloop Defendants deny the allegations contained in the WHEREFORE clause of the Complaint.

## DEMAND FOR A JURY TRIAL

The Karmaloop Defendants hereby demand a trial by jury as to any and all issues raised in the Complaint and this Answer which are triable before a jury.

Dated:  New York, New York
        September 20, 2007

GANFER & SHORE, LLP

By: _____
    Mark A. Berman (MB5202)
    Matthew R. Maron (MM2270)
360 Lexington Avenue
New York, New York 10017
(212) 922-9250
(212) 922-9335 (facsimile)

*Attorneys for Defendants Karmaloop, LLC, Karmaloop Boston, LLC, and Gregory Selkoe*