162288.2

Milton Springut (MS6571)
Tal S. Benschar (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

Attorneys for Plaintiffs
Cartier International, N.V.
and Panerai, a division of Richemont N.A., Inc.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CARTIER INTERNATIONAL, N.V. and                    :
PANERAI, a division of RICHEMONT, N.A., INC.:      Civil Action No:
                                                   :
                   Plaintiffs,                     :      07-CIV-6957 (LJP)
                                                   :
v.                                                 :
                                                   :
KARMALOOP, LLC; KARMALOOP BOSTON,                  :
LLC; GREGORY SELKOE and JOHN DOES                  :
1-20,                                              :
                                                   :
                   Defendants.                     :
------------------------------------------------------------x

## FINAL JUDGMENT ON CONSENT

Plaintiffs Cartier International, N.V. and Panerai, a division of Richemont N.A., Inc.,

(collectively "Plaintiffs" or "Panerai") having filed a Complaint against, *inter alia*, defendants

Karmaloop, LLC, Karmaloop Boston, LLC and Gregory Selkoe ("Defendant"), alleging that

Defendants have committed trade dress infringement and unfair competition; Defendants have

denied the allegations and the parties desiring to settle the controversy between them without any

admission of liability and having entered into a Settlement Agreement for that purpose; and such

Settlement Agreement providing for, *inter alia*, the entry of a Final Judgment Upon Consent; and for

good cause shown; it is hereby

ORDERED, ADJUDGED AND DECREED as between the parties hereto that:

1.    This Court has jurisdiction over the parties and over the subject matter hereof pursuant to 28 U.S.C. §§ 1331 and 1338.

2.    Definitions.

A.    The PANERAI LUMINOR TRADE DRESS shall mean that trade dress for watches depicted below, which is further described as having the following elements

> (a) The watch case is large, at least 38 millimeters in diameter, and thick (*i.e.*, deep) as compared to most watches. The cushion-shaped case includes a round frame portion encompassing the watch dial which is surrounded by a square portion thereabout, the square portion having bowed-out sides and rounded corners. Each of the corners slopes downward (*i.e.*, away from the front of the watch), with the lowest point of the case being at the corner;
>
> (b) a round bezel which is beveled such that it slopes downward from the inside of the case to the outside and which surrounds the dial and is proximate to the edge of the case at the 3, 6, 9 and 12 o'clock positions, thus enhancing the effect of the lowering of the four corners of the case;
>
> (c) two pairs of thick, downwardly sloping extensions used to hold the watch strap;
>
> (d) the dial features oversized numerals and/or markers at the hour positions around the watch;
>
> (e) hands that are baton-shaped and luminescent;
>
> (f) an oversized round winding crown with tooth-like striations; and
>
> (g) a bridge that extends over the winding crown reaching above and below.

2

**PANERAI LUMINOR TRADE DRESS**

B.   The PANERAI LUMINOR TRADE DRESS REGISTRATION shall

reference United States Trademark Registration No. 3,178,943.

C.   The PANERAI LUMINOR BRIDGE DESIGN MARK shall reference that

configuration for a bridge cover for a watch crown which appears as follows:



**PANERAI LUMINOR BRIDGE DESIGN MARK**

D.      The PANERAI LUMINOR BRIDGE DESIGN REGISTRATION shall

reference United States Trademark Registration No. 2,323,571.

E.      The trade dress designs referenced in definitions A and C are collectively

referenced herein as the "PANERAI TRADE DRESS" and the registrations referenced in definitions

B and D are collectively referenced herein as the "PANERAI REGISTRATIONS."

3.      Defendants, their officers, agents, servants, and employees, and those in active

concert or participation with them or any of them, as defined by Rule 65(d) of the Federal Rules of

Civil Procedure, are permanently enjoined and restrained

> (a) From using in any manner the PANERAI TRADE DRESS or any one of them,
> alone or in combination with any other words or designs, in manner likely to
> cause confusion, deception, or mistake on or in connection with advertising,
> offering for sale or sale of any goods not manufactured by Panerai, or not
> authorized by Panerai to be sold in connection with such trade dress;
>
> (b) From representing, suggesting in any fashion to any third party, or performing any
> act that may give rise to the belief that Defendants, or any of their goods, are
> authorized or sponsored by Panerai; and
>
> (c) From passing off, inducing or enabling others to sell or pass off any watches as
> products produced by Plaintiffs that are not in fact genuine Panerai goods, or not
> produced under the control and supervision of Pancrai and approved by Panerai.

4.      The Settlement Agreement contains a provision for a monetary award, which

obligation is incorporated herein. No other payment to either party is made herein and all parties are

to otherwise bear their own costs and attorney's fees.

4

5.    The exclusive jurisdiction of this Court is retained for the purpose of making any

further orders necessary or proper for the construction or modification of this Final Judgment, the

enforcement thereof and the punishment of any violations thereof, and the enforcement of any

provisions of the Settlement Agreement entered into between the parties. Any motion or proceedings

under this Paragraph 5 shall be venued in the United States District Court for the Southern District of

New York, and the parties consent to this Court's venue and personal jurisdiction for any such

motion or proceeding under this Paragraph 5.

6.    This Final Judgment On Consent shall be binding on the parties, and their successors

and assigns. This Final Judgment On Consent shall be freely assignable to the fullest extent

permitted by law.

7.    This Final Judgment shall be deemed to have been served upon Defendants at the

time of its execution by the Court.

Dated: _____, 2007

_____
Hon. Loretta A. Preska, U.S.D.J.

5

## CONSENT

The undersigned hereby consent to the entry of a Final Judgment Upon Consent in the form annexed hereto or in such other form as the Court may approve.

CARTIER INTERNATIONAL, N.V.

Dated: December \_\_\_\_, 2007

By:\_
Name:
Title:

PANERAI, a division of RICHEMONT, NORTH AMERICA, INC.

Dated: December \_\_\_\_, 2007

By:
Name: DANIEL C. MAWICKE
Title: PRESIDENT/CEO

KARMALOOP, LLC

Dated: December \_\_\_\_, 2007

By:
Name:
Title:

KARMALOOP BOSTON, LLC

Dated: December \_\_\_\_, 2007

By:
Name:
Title:

GREGORY SELKOE

Dated: December \_\_\_\_, 2007

By:

6

## CONSENT

The undersigned hereby consent to the entry of a Final Judgment Upon Consent in the form annexed hereto or in such other form as the Court may approve.

CARTIER INTERNATIONAL, N.V.

Dated: December ____, 2007

By:_____
Name:
Title:

PANERAI, a division of RICHEMONT, NORTH AMERICA, INC.

Dated: December ____, 2007

By:_____
Name:
Title:

KARMALOOP, LLC

Dated: December _8_, 2007

By:_____
Name:  Go Selkoe
Title:  CEO

KARMALOOP BOSTON, LLC

Dated: December _9_, 2007

By:_____
Name:  G. Selkoe
Title:  CEO

GREGORY SELKOE

Dated: December _8_, 2007

By:_____

6

Approved as to form:

KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
Tel: (212) 813-1600
Fax: (212) 813-9600
Counsel for Plaintiffs
Cartier International, N.V. and Panerai, a
division of Richemont, N.A., Inc.

Jan. 8, 2008

Dated:  ~~December~~ ___, 2007        By: _____

Milton Springut, Esq.
Tal S. Benschar, Esq.

GANFER & SHORE LLP
360 Lexington Avenue
New York, New York 10017
Tel: (212) 922-9250
Fax: (212) 922-9335
Counsel for Defendants Karmaloop, LLC;
Karmaloop Boston, LLC and Gregory Selkoe

Dated:  December 27, 2007        By: _____

Mark A. Berman, Esq.